# No. 24-50022

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States of America**,
Plaintiff-Appellant,

v.

**Antonio Sing-Ledezma**,
Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Texas

**Appellant's Motion for Summary Disposition
and Alternative Unopposed Motion to Extend Time for Appellant's Brief**

The government moves this Court to summarily reverse the district court's order dismissing one count of an indictment. That count charged Sing with violating 18 U.S.C. § 922(g)(5)(A), which prohibits illegally present aliens from possessing firearms. (ROA.27.) The district court held § 922(g)(5)(A) facially unconstitutional under the Second Amendment and so dismissed the count. (ROA.150-75.) This Court has since reaffirmed that § 922(g)(5)(A) comports with the Second Amendment. *United States v. Medina-Cantu*, 113 F.4th 537, 542 (5th Cir. 2024). Under *Medina-Cantu*, the district court's order dismissing the count should be summarily reversed. If this Court instead orders briefing, the government requests 30 days from that order to file an appellant's brief.

## Background

In March 2023, police officers heard gunshots in a commercial area of El Paso and saw a car in that area driving erratically. (ROA.14.) When the officers stopped the car, its driver at first gave a false name, but the officers used his fingerprints to identify him as Antonio Sing-Ledezma. (ROA.14.) The officers found a bullet hole in the driver-side door, and Sing told officers he had been shot in the leg, though he now concedes that the wound was superficial. (ROA.14, 110.) After directing Sing out of the vehicle, the officers brought in a dog, which alerted to the presence of narcotics. (ROA.14.)

The officers searched Sing, the car, and the surrounding area. (ROA.14.) In Sing's pocket, an officer found a round of .380-caliber ammunition. (*Id.*) In the car, officers found marijuana, 11 more rounds of .380-caliber ammunition, and a .380-caliber pistol with an obliterated serial number. (ROA.14.) Around the car, officers found five spent shell casings matching the ammunition in Sing's pocket and the car. (ROA.14.)

Records checks showed that Sing was a citizen of Mexico who had been removed from the United States before. (ROA.15.) He had not received permission to reapply for readmission. (ROA.15.) He also had an outstanding arrest warrant in Mexico for homicide. (ROA.15.)

A grand jury charged Sing with four offenses:

| | |
|---|---|
| Count One | possession of a handgun by an illegally present alien in violation of 18 U.S.C. § 922(g)(5)(A) |
| Count Two | illegal reentry in violation of 8 U.S.C. § 1326(a) |
| Count Three | possession of ammunition by an illegally present alien in violation of 18 U.S.C. § 922(g)(5)(A) |
| Count Four | possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). |

(ROA.27-29.)

Sing moved to dismiss the first count. Relying on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), he argued that § 922(g)(5)(A) facially violates the Second Amendment. (ROA.46-50.) The government opposed. (ROA.61-89.)[1]

The district court agreed with Sing and dismissed the first count. (ROA.150-76.) The court held that *Bruen* had abrogated this Court's holding that illegally present aliens are not among "the people" the Second Amendment includes. (ROA.150-52.) While bemoaning the difficulty of applying *Bruen* and the "quixotic journey through history" that opinion requires, the court nevertheless concluded that § 922(g)(5)(A) violates the Second Amendment on its face. (ROA.174-75.)

---

[1] Sing moved to dismiss the other count under § 922(g)(5)(A) but later withdrew that challenge. (ROA.46-50, 105, 184-88, 222-25, 235.) Sing also moved to dismiss the count under § 922(k), but the district court denied that motion, and Sing withdrew that challenge. (ROA.46-50, 145-49, 222-25.) Sing later pleaded guilty under a separate criminal-action number to his violations of § 922(k) and § 1326. *See* Judgment 1, No. 3:24cr494 (W.D. Tex. July 29, 2024), ECF No. 29. The government agreed to dismiss the corresponding counts (Counts Two and Four) from the indictment in this case. *See* Plea Agreement 1, No. 3:24cr494 (W.D. Tex. Apr. 8, 2024), ECF No. 16.

The government appealed. (ROA.190.) On the parties' joint motion, this Court stayed the appeal pending its decision in *Medina-Cantu*, No. 23-40336, and the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). The Supreme Court decided *Rahimi* in June, and this Court decided *Medina-Cantu* on August 27, 2024.

## Argument

**I. Because this Court's binding precedent leaves no substantial question as to the outcome of this case, this Court should summarily reverse.**

Summary disposition is "necessary and proper" when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). This rule applies equally to summary affirmance or summary reversal. *See United States v. Junior Marriel*, 786 F. App'x 474, 475 (5th Cir. 2019). And this Court has used summary disposition to resolve appeals, like this one, that involve Second Amendment challenges. *See, e.g.*, *United States v. Smiley*, No. 23-50916, 2024 WL 3738882, at *1 (5th Cir. Aug. 9, 2024).

There is no substantial question as to the outcome of this case because this Court has rejected the district court's holding that § 922(g)(5) violates the Second Amendment. Before *Bruen*, this Court had held that "the phrase 'the people' in the Second Amendment . . . does not include aliens illegally in the United States." *United States v. Portillo-Muñoz*, 643 F.3d 437, 442 (5th Cir. 2011). It therefore upheld § 922(g)(5)(A) as constitutional under the Second

4

Amendment. *Id.* In *Medina-Cantu*, this Court explained that *Bruen* did not abrogate this holding. 113 F.4th at 542.[2] It therefore upheld § 922(g)(5)(A) against Second Amendment challenge. *See id.* Thus, the district court's contrary holdings should be summarily reversed.

**II. If this Court instead orders briefing, it should grant the government 30 days from that order to file an appellant's brief.**

Summary affirmance is the most appropriate and efficient disposition. But if this Court instead orders briefing, it should allow the government 30 days from that order to file an appellant's brief.

### Certificate of Conference

The U.S. Attorney's Office conferred with counsel for Sing. Sing's counsel stated that he will oppose summary reversal but that he does not oppose the requested extension.

Respectfully submitted,

Jaime Esparza
United States Attorney

By: */s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858
Zachary.C.Richter@usdoj.gov

---

[2] The defendant in *Medina-Cantu* has petitioned for rehearing en banc. *See* Appellant's Pet. for Reh'g En Banc, *United States v. Medina-Cantu*, No. 23-40336 (5th Cir. Sept. 10, 2024).

**Certificate of Service**

I certify that on September 26, 2024, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

/s/ Zachary C. Richter  
Zachary C. Richter  
Assistant United States Attorney

\* \* \*

**Certificate of Compliance**

I certify that

(1) this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,017 words; and

(2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Calisto MT font, size 14.

/s/ Zachary C. Richter  
Zachary C. Richter  
Assistant United States Attorney

Dated: September 26, 2024
